ELLISON *et al. v.* LONG.

(*Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

RANKIN & HALE, of Jefferson City, for plaintiffs in error.

CATLETT & IDDINS and J. FRANK PARK, all of Jefferson City, and C. S. RAINWATER, of Dandridge, for defendant in error.

Mr. Justice DeHaven delivered the opinion of the Court.

This suit was tried in the court below upon a written stipulation of facts. It appears that G. W. Long, agent of the R. E. Long estate, recovered a judgment, on September 19, 1935, in the sum of $16.40 and costs, against B. M. Ellison, before a justice of the peace. This judgment was not appealed from.

On October 18, 1935, Ellison, in writing, assigned, sold, and conveyed to W. G. Shipe & Co. all wages due him on that date by his employer, Universal Exploration Company, and all wages to be earned by him as such employee for the next 30 days. On October 22, 1935, notice, in writing, of this assignment was given the Universal Exploration Company by the assignee, W. G. Shipe & Co.; but the assignment was not assented to in writing by the employer company.

On November 1, 1935, an execution was issued on the judgment Long had recovered against Ellison and was served by garnishment on the Universal Exploration Company, requiring it to answer what it was indebted to Ellison. The garnishee answered that it was indebted to Ellison in the sum of $34.54, and it paid this amount into court and was discharged. While the garnishment proceedings were pending before the justice of the peace, G. W. Shipe & Co. filed its intervening petition in the case, setting up the facts relative to the assignment executed to it by Ellison, and praying that it be adjudged entitled to the amount paid into court by the Universal Exploration Company.

The justice of the peace rendered judgment in favor of the garnishor, Long, for the amount of his judgment

and costs. From this judgment both Ellison and the intervening petitioner, Shipe & Co., appealed to the circuit court.

It appears that at the time of the execution of the assignment Ellison was indebted to Shipe & Co. in the sum of $16.19, and between that date and the issuance of the garnishment he became indebted to Shipe & Co. in the sum of $35.77, making a total indebtedness of $51.96.

The circuit judge dismissed the petition of Shipe & Co. as to the amount of wages not earned at the time of the execution of the assignment, but sustained the petition as to the earned wages, which he found to be $6. From the judgment of the court disallowing a recovery of the wages not earned at the time of the execution of the assignment, Shipe & Co. and Ellison have appealed to this court and assigned errors.

The decision of the case turns upon the construction of section 8562 of the Code, which is as follows:

"No action shall be brought to charge any employer upon any assignment by any clerk, servant, or employee of such employer to any person of any wages or salaries unearned at the time of such assignment, unless such assignment at the time of the execution thereof shall have been assented to in writing by such employer."

This statute was held constitutional by this court in *West* v. *Jefferson Woolen Mills*, 147 Tenn., 100, 245 S. W., 542.

The assignment made by Ellison to Shipe & Co. of his unearned wages was void as to his employer, Universal Exploration Company, because not assented to in writing by it. Being void as to the employer, the assignment was void as to the garnisheeing creditor of the employee. The employer, notwithstanding the assignment, owed the

wages, after being earned, to the employee. Being indebted to the employee, judgment against the employer, on its answer, was properly entered in favor of the garnisheeing creditor of the employee. The employer could not have validly answered that it was not indebted to the employee because the employee had assigned his wages, while yet unearned. To have so answered would have been in violation of the above-quoted statute.

The judgment of the trial court is affirmed, and appellants will pay the costs of the appeal.